6. That at the time of exportation of the subject merchandise, there were actual sales of such merchandise at ex-dock prices.

I conclude as matters of law:

1. That plaintiff has failed to overcome the presumption of correctness attaching to the finding of value by the appraiser, or to establish any other value for the involved merchandise.

2. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the subject merchandise.

3. That such value is the appraised value.

Judgment will be entered accordingly.

(R.D. 11728)

RAILWAY EXPRESS AGENCY, INC. *v.* UNITED STATES

Entry Nos. 1127, etc.

(Decided December 2, 1970)

*Trench, Ericson, MacGregor, Lohmann, Walsh & O'Brien (James J. Trench* of counsel) for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the defendant.

FORD, Judge: The appeals for reapparisement set forth in schedule "A," annexed hereto and made a part hereof were submitted for decision on certain papers offered by plaintiff and a report of a Treasury representative offered by defendant.

Upon the record as made herein, I find no evidence which would overcome the statutory presumption attaching to the appraisement.

I find as matters of fact:

1. The merchandise consists of sport shirts exported from Italy.

2. The shirts, composed of cotton and wool, were appraised at lira 2032 each.

3. The shirts composed of wool and rayon were appraised at lira 2610 each.

I conclude as matters of law:

1. Plaintiff failed to overcome the presumptively correct values found by the appraising officer.

2. The appraised values are the proper dutiable values. Judgment will be entered accordingly.